McKinney, J.,
delivered the opinion of the Court.
This was an action on the case to recover the value of a slave named Bill, the property of the defendant in error. The slave died of small-pox, in the service of the plaintiffs in error, to whom he had been hired. The ground of the action, as alleged in one count of the declaration, is, “ that through the neglect and imprudence of the defendants, the slave was exposed to a malignant and contagious disease, known as small-pox, then existing and in action on the farm of the defendants,” &c.
*342 It appears from the proof, that some time before the slave Bill was taken ill, a female slave named Kitty, was sent by John D. James to the defendant, Thomas D. James; and that, some four or five days after said slave came to defendant’s house, “she had a breaking out upon her, which was believed to be, and was treated as, measlesbut which proved to be small-pox. It seems probable, from the proof in this record, that before the girl Kitty was sent by John D. James to the house of defendant, Thomas G. James, the disease of small-pox had made its appearance in the family of the former. • And in order to bring home to the defendant, James, a knowledge of this fact, and thereby to sustain the averment in the declaration, the plaintiff proposed to prove “that, before the girl Kitty was brought from John D. James to Thomas G. James, it was reported in the neighborhood of John D. James, that the small-pox was prevailing in the family of John D. James” — a distance of some four or five miles from the residence of the defendant, James. And this evidence, though objected to, was admitted to go to the jury. In this we think there is error. Mere reports, or popular rumor, is too vague and unreliable in its nature to be admitted as a practical rule of human action or conduct. The authority relied upon to sustain the admission of the evidence, fails to do so. It merely holds, that, where it is sought to bring home knowledge of a fact to a party, evidence of the general reputation and belief of the existence of that fact among his neighbors, is admissible as a circumstance tending to show- that he possessed such knowledge. The correctness of this *343 proposition we are not disposed to question in a case like the present; but it is certainly carrying the doctrine quite as far as it would be safe to go. In addition to this, the charge of the Court is not satisfactory. On the one hand, the instructions are somewhat particular in pointing the attention of the jury to the .question, whether the defendant, James, knew, or ought to have known, of the existence of smallpox, at the house ©f John D. James, before receiving the slave Kitty into his house; while, on the other hand, the strong opposing circumstance was passed unnoticed, of the utter improbability that any man of ordinary discretion would, knowingly, have admitted under his own roof a slave even suspected of having been exposed to the contagion of such a fearful disease.
Where, in addition to laying down the general rule governing a case, it is deemed proper by the Court to give specific instructions with reference to the facts of the particular case, such instructions should apply to the material facts on both sides of the case.
The judgment will be reversed, and the case be remanded for a new trial.